H. Murray Claycomb, Esquire Haley, Claycomb, Roper Anderson, PLLC Post Office Box 970 114 North Myrtle Warren, Arkansas 71671
Dear Mr. Claycomb:
You have requested approval, pursuant to the Interlocal Cooperation Act, A.C.A. § 25-20-101 et seq., of a document captioned "Interlocal Government Cooperation Agreement" (the "Agreement"), between the Towns of Banks and Tinsman, Arkansas. The Agreement recites that the two towns, with the "prospective assistance from the Arkansas Department Of Economic Development Grant and a Rural Development (RDA) Grant and Loan," have agreed to install a sewer system for both towns. The Agreement reports that:
[T]he installation of the sewer system for the Town of Banks cannot be secured solely with the Town of Banks and cannot be secured solely with the Town of Tinsman but through the cooperation of the two municipalities, the loan and grant can be secured and a sewer collection system installed for the Town of Banks and the Town of Tinsman[.]
The Agreement provides that the Town of Banks will own the facility and be granted an exclusive franchise to construct and maintain the system in the Town of Tinsman. The Agreement recites a term of forty years or the duration of the loan. It further provides for the formation of a sewer committee comprised of five members, three of whom will come from one community and two from the other "on an alternating basis each year."
RESPONSE
For the reasons set forth below, I hereby approve the Agreement as in proper form and compatible with the laws of this state.
I will note initially that the parties to the agreement clearly qualify as "public agencies" — a term the Arkansas Code defines in pertinent part as follows:
"Public agency" means . . . any political subdivision of this state . . .
A.C.A. § 25-20-103(1)(B) (Supp. 2007). Having thus concluded that the parties are entities of the sort that might enter into a joint enterprise under the Interlocal Cooperation Act, I will further note that the Agreement, which anticipates cooperation between the towns in the construction and operation of a unitary sewer system, clearly contemplates a joint undertaking within the scope of the Interlocal Cooperation Act.
The Interlocal Cooperation Act requires that interlocal agreements for joint or cooperative action specify the following items:
(1) The duration of the agreement;
(2) The purposes of the agreement;
(3) The manner of financing the joint or cooperative undertaking and of establishing and maintaining a budget for it;
(4) The methods of accomplishing termination of the agreement and for the disposal of property, if any, upon termination;
(5) Any other necessary and proper matters.
A.C.A. § 25-20-104(c).
In addition, if the interlocal agreement does not establish a separate legal entity to conduct the joint or cooperative undertaking, it must specify the following items:
(1) The provision for an administrator or a joint board that will be responsible for administering the joint or cooperative undertaking;
(2) The manner of acquiring, holding, and disposing of real and personal property, if any, used in the joint or cooperative undertaking.
A.C.A. § 25-20-104(d).
In my opinion, the Agreement contains all of these required provisions. I therefore conclude, as I am charged with doing, that the Agreement is "in proper form and compatible with the laws of this state." A.C.A. § 25-20-104(f)(1).
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General